IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3139-D

| | | |
|---|---|---|
| HARRISON LEWIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BARACK HUSSEIN OBAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 29, 2011, Harrison Lewis, III ("Lewis" or "plaintiff"), a federal inmate, filed this civil action [D.E. 1]. On September 6, 2011, in response to a court order, Lewis amended his complaint by filing it on a form prescribed for use in this district, indicating that he seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 3]. Harrison seeks leave to proceed in forma pauperis [D.E. 4]. On September 23, 2011, Lewis filed a "motion to proceed with plagiarism suit" [D.E. 7] and a document entitled "pretrial motion jus in personam to compell ploygraphed anacrisis matter(s) in pais pursuant to isonomy for bibliotics results" [D.E. 8]. On September 29, 2011, Lewis filed a motion to compel [D.E. 9], which he refiled on October 13, 2011, with an original signature in response to a court order [D.E. 11]. On November 29, 2011, Lewis filed a motion for summary judgment [D.E. 12]. On December 28, 2011, Lewis filed a motion "deman[d]ing judgment by evinced default" [D.E. 13]. On January 5, 2012, Lewis refiled the motion for default judgment with an original signature in response to a court order [D.E. 17], along with a document titled "action requesting writ of mandamus" [D.E. 15], and a "motion to compel transmittal of docket from district court to 4th

circuit court" [D.E. 16].[1] As explained below, the court dismisses the action as frivolous and denies all pending motions.

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Of particular relevance to this case, "[a]n in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." Denton v. Hernandez, 504

---

[1] On January 10, 2012, the United States Court of Appeals docketed In re: Harrison Lewis, III, No. 12-1040 (4th Cir.).

2

U.S. 25, 32–33 (1992) (italics omitted), superseded on other grounds by statute, Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). However, a district court has the discretion to dismiss a case for factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." Id.; see White v. White, 886 F.2d 721, 722 (4th Cir. 1989). Thus, the "court may dismiss a claim as factually frivolous . . . when the claim alleges facts that are 'clearly baseless', a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton, 504 U.S. at 32–33 (citations omitted) (quoting Neitzke, 490 U.S. at 325, 328). The court reviews all of Lewis's filings together with the original complaint to determine whether Lewis has stated a claim upon which relief may be granted.

Lewis was incarcerated at the Federal Correctional Institution-2 in Butner, North Carolina when he filed this action.[2] Am. Compl. 2. Lewis names as defendants Barack Hussein Obama, the President of the United States; David M. Axelrod and David Plouffe, two of the President's advisers; Johnny L. Hughes,[3] the United States Marshal for the District of Maryland; and J. Sandra Thomas, an "O.S.C. Complaints Examiner[.]" Id. 2-3. Although not named in that portion of his complaint, it appears Lewis also seeks to sue David Bohrman, a television executive. [D.E. 13] at 2 (asserting Bohrman "was deleted from this courts docket without reason, justification, notice to, or permission of plaintiff"). Lewis alleges that these defendants

> conspired to exploit, misappropriate and expropriate by misfeasance through false pretense, false representation and extrin[s]ic fraud, the intellectual and literary property and ideas-concepts from 2006-2011 that were produced by the plaintiff, for

---

[2] On January 26, 2012, Lewis notified the court that he had been released to a community corrections center to complete his term of incarceration. [D.E. 19], see BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=34839-037 (last visited Feb. 27, 2012).

[3] Lewis incorrectly names this defendant as Johnny H. Hughes. Am. Compl. 2.

3

the defendants plagiarizing and selling for personal profit(s), and conceal such acts by issuing a media gag order[4] and charging everyone involved and in the know, not to reveal classified data, to smother the true facts, create a veil of secrecy by stonewalling any - all inquir[i]es officially, and or by civilians.

Id. 3–4. Lewis alleges that he "was working [at "the U.S. Federal District Courthouse in Baltimore, Maryland,"] under a covenant contract for about 5 or 6 years[,]" during which time he created "thousands and thousands of written pages of ideas, concepts, formulas, blueprints, speech[e]s analysis," and placed these materials in "the care and custody of the U.S. Marshal[]s Office" in Baltimore. Am. Compl., Att. 2. Lewis asserts that the "alleged conspirators exploited plaintiff[']s" work "for their own use and profit(s) . . . leading up to the 2008 U.S. Presidential campaign(s) and in the years following . . . . in the mainstream mass media to promote alleged conspirators public and private agendas and images on tv, cable, radio, books, magazines, newspapers, web.com, org.gov, facebook, google etc. etc., movie rights, ads, advertising for conspirators and their family(s), cohorts, and friends own profit." Id. Lewis seeks to compel "the defendants and other known and unknown material witnesses . . . to take polygraph exams[,]" to "uphold the law as it applies equally to everyone as to the terms of the contract, . . . . [a] full pardon, payment in full [of one billion dollars] and . . . immediate release from the F.B.O.P. . . . [o]r [to] expunge plaintiff's N.C.I.C. and local MD warrants . . . or . . . trial by jury after anacrisis." Am. Compl. 4–5.

Plaintiff's filings contain nothing but delusional, nonsensical, and baseless allegations. Courts have routinely, repeatedly, and appropriately dismissed allegations similar to Lewis's. See, e.g., Earl v. Sheriff's Ass'n, Civil Action No. H-10-0696, 2010 WL 4955328, at *1 (S.D. Tex. Nov. 29, 2010) (unpublished); Whitehead v. Paramount Pictures Corp., No. 1:08cv792, 2009 WL

---

[4] Lewis has been informed that there is no media gag order. See United States v. Lewis, No. 1:01-cr-00484-CCB, [D.E. 86] (D. Md. Apr. 27, 2010) (unpublished).

1565639, at *5 (E.D. Va. May 28, 2009) (unpublished), aff'd in part, 366 Fed. App'x 457 (4th Cir. 2010) (per curiam) (unpublished); Bloom v. U.S. Government, No. 02Civ.2352DABDF, 2003 WL 22327163, at *8 (S.D.N.Y. Oct. 10, 2003) (unpublished). Not surprisingly, another district court in this circuit has dismissed another Lewis complaint as having "no basis in law and fact[.]" Lewis v. Hughes, No. 1:10-cv-02450-BEL, [D.E. 2] (D. Md. Sept. 17, 2010) (unpublished).

Furthermore, if any of the allegations are not construed as delusional, they are merely legal terminology and not actionable because the claims have no factual support. Lewis uses a laundry list of legal jargon such as anacrisis, assumpsit, trover, stare decisis, in pais, jus in proprietatis, scire facias, nihil dicit, and sub silentio, without any apparent understanding of what these terms mean. To the extent Lewis seeks to assert a claim for conspiracy, to establish a civil conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See id. at 421–23. Rather a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. at 421. Lewis fails to present sufficient allegations that would demonstrate a "meeting of the minds" between any defendants. Cf. Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555–56. Thus, Lewis fails to state a claim for conspiracy. Accordingly, Lewis's complaint is dismissed as frivolous.

In conclusion, plaintiff's complaint is conclusory, delusional, and nonsensical, and the court DISMISSES plaintiff's action as frivolous. Plaintiff's motions [D.E. 7, 9, 12–13, 16] are DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This **27** day of February 2012.

JAMES C. DEVER III
Chief United States District Judge

6